ARTHUR H. GRIMSHAW

*vs.*

MAYOR AND COUNCIL OF WILMINGTON, and WILLIAM H. LAMBSON, Sheriff.

New Castle, Feb. T. 1877.

*Bond of city treasurer of Wilmington; special limitation of time for entry of judgment on.*

1. The limitation of two years from the expiration of his term of office, prescribed by Act of Assembly, within which judgment may be entered on the official bond of the city treasurer of Wilmington,

cannot be avoided by resort to the rule that in cases of concealment of fraud the ordinary Statute of Limitations begins to run only from the discovery of the fraud.

2. The entry of a judgment on such bond after the expiration of the time prescribed by the Act is a nullity.

BILL TO RESTRAIN THE ENFORCEMENT OF A JUDGMENT ENTERED ON THE OFFICIAL BOND OF A CITY TREASURER OF WILMINGTON.—Joseph L. Kilgore was, at the city election held on the first Tuesday of November, 1870, elected city treasurer of the city of Wilmington for the term of one year: viz., from the 1st day of January, 1871, to and including the 31st day of December of same year.

On the first Tuesday of September, 1871, he was elected city treasurer for the term of two years. On the 31st day of December, 1870, he, together with his sureties William H. Pierce, Patrick Holland, Washington Cox, James T. Keeler, J. Marshall Harland, and Samuel M. Harrington, became bound in an official bond in the sum of $25,000 to the corporation of Wilmington for the faithful performance of the duties of his office as city treasurer for the year 1871.

On the 20th day of July, 1872, the said Kilgore, with certain sureties of whom the plaintiff was one, executed a bond to the said city in like amount for the faithful performance of his duties as treasurer for the said city.

On the 27th of January, 1875, the mayor and council of Wilmington caused judgments to be entered on the warrants of attorney attached to these two bonds severally, against the sureties therein, in the Superior Court of the State of Delaware, in and for New Castle County, being Nos. 594 and 598 to the November Term, 1874, of the said court, in and for the sum of $25,000.

The real debt indorsed on judgment No. 594 was $1,386.35, with interest from January, 1872, and on judgment 598 there was indorsed as real debt the sum of $2,007.52, with interest from January 1, 1874.

On the 27th day of January, 1875, the mayor and council of Wilmington caused execution to be issued on the said

judgments against Grimshaw ; and this bill was filed to restrain further proceedings upon said executions.

The Act of the General Assembly of this State in respect to the entry of judgments on the official bond of the city treasurer of the city of Wilmington provides that judgments on said bond shall not be entered after two years from the expiration of his term of office.

The chief ground on which the defendant bases its right to prosecute its said writs of execution to the collection of the amount claimed thereunder, against the complainant as surety for Kilgore, is that during the terms of office as city treasurer to which the said Kilgore had as aforesaid been elected, he made several defalcations as such treasurer, amounting to the said sums respectively indorsed on said judgments ; which said several defalcations had been fraudulently concealed by him, and had not been discovered by the defendant during his said terms of office respectively ; and that the said judgments were entered and executions thereon issued within two years after the discovery of said defalcation.

*George Gray* for complainant.

*George H. Bates* and *Walter Cummins*, for defendants :
As to the Statute of Limitations which is set up as a bar to this action, it may be said that the principle upon which courts of equity deal with the application of public statutes is plain ; they do not permit an unconscientious use of them; such statutes do not in such cases as this begin to run until the discovery of the defaults. *Sparks* v. *Farmers Bank*, 9 Am. L. Reg. N. S. 379.

In the present case the defaults or frauds were not discovered until a period within two years of the entry of judgment and execution on the bonds.

THE CHANCELLOR.—I shall not enter into a general discussion of the principle applicable to a case where a concealment of fraud has been proved to exist on the part of the defendant in a suit brought against him after the discovery of the fraud

has been made, but not within the period mentioned in the statute in that respect, to make him account for the amount of said fraud, because I am of opinion that the principles adjudged in cases of that kind, where the Statute of Limitations has been pleaded as a bar to the cause of action, are not applicable to the case before me.

It is true, as contended by the solicitors of the city council of Wilmington, that where one person defrauds another of his just rights, and the fraud is concealed at the time of its commission, and not discovered within the period embraced by the Statute of Limitations, the party defrauded has a right to bring his action for the recovery of the amount of which he has been defrauded, at any time within the proper legal period for bringing actions.

This principle does not apply to the present case. The judgments mentioned in these proceedings were not entered within the period prescribed by law. They were therefore nullities. The judgments themselves being absolutely void, and the entry thereof being absolutely prohibited by an Act of the General Assembly, the several executions issued upon them cannot have any possible legal effect.

The sheriff could not justify any act done under them. The complainant might lawfully resist their execution; and he certainly has, as a surety, the right to avail himself of their illegality in an attempt to enforce, as against him, as surety for Kilgore, a claim for the amount of Kilgore's defalcation in office, even if such defalcations were proved to exist.

Upon the question of the existence of such defalcations at a period subsequent to two years from the date of the bond respectively, or the termination of Kilgore's term of office, upon which the judgments were entered, I do not feel bound to express any opinion.

If it was necessary to speculate, good reasons might be assigned why this limitation was prescribed by the General Assembly in respect to the entry of judgments against the treasurer of the city of Wilmington. Diligence upon the part of the authorities of the city to adjust and settle the accounts of the treasurer would thereby be insured, while

delay and procrastination on their part might be attended by serious loss.

But speculation in respect to the reasons why the law was passed is unnecessary. It exists.

I might very properly have dismissed this case, with the views I entertain in respect to the right of the city council of Wilmington to proceed in their judgments and executions; but, as it has proceeded to a final hearing and argument without a question of equitable jurisdiction being raised,—

I will decree that the injunction heretofore awarded in this cause be dissolved without prejudice, so far as it restrains the execution and enforcement of the judgment entered against the complainant in the Superior Court of the State of Delaware in and for New Castle County, being No. 594 to the November Term, 1874; and in all other respects that the injunction be and remain perpetual, with direction to the complainant to apply to said superior court for a rule upon the plaintiff in said judgment to show cause why judgment No. 594 in said superior court shall not be set aside, annulled, and vacated.

This course I deem respectful to the superior court, in order that that court may have an opportunity to purge its own records, if it shall deem proper to do so; and I can have but little doubt as to what the action of that court will be if such application to it be properly made.